Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd. Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiffs
Kimberly Colon and Cameron Viseth

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Kimberly Colon**, an Arizona resident; **Cameron Viseth**, an Arizona resident; <br><br> Plaintiffs, <br><br> v. <br><br> **Security Transport Services, Inc.**, a Kansas corporation; <br><br> Defendant. | Case No. <br><br><br> **VERIFIED COMPLAINT** <br><br><br><br> **(Jury Trial Requested)** |

Plaintiffs Kimberly Colon and Cameron Viseth, for their Verified Complaint against Defendant, hereby allege as follows:

**NATURE OF THE CASE**

1.  Plaintiffs bring this action against Defendant for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); and failure to make timely payment of wages under A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendant's violations of the FLSA.

3. This action is also brought to recover minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendant's violations of the Arizona Minimum Wage Statute.

4. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendant's violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Plaintiffs' state law claims are sufficiently related to their federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiffs' claims under the Arizona Minimum Wage Statute and the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiffs were employed by Defendant in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Kimberly Colon ("**Colon**") resided in the District of Arizona.

9. Colon commenced employment with Defendant on or around June 26, 2016 and currently remains a full-time employee.

10. At all relevant times, Colon has been an employee of Defendant as defined in 29 U.S.C. § 203(e)(1).

11. At all relevant times, Colon has been an employee of Defendant as defined under the Arizona Minimum Wage Statute and Arizona Wage Statute.

12. At all relevant times to the matters alleged herein, Plaintiff Cameron Viseth ("**Viseth**") resided in the District of Arizona.

13. Viseth commenced employment with Defendant in or around October 2013 and currently remains a full-time employee.

14. At all relevant times, Viseth has been an employee of Defendant as defined in 29 U.S.C. § 203(e)(1).

15. At all relevant times, Viseth has been an employee of Defendant defined under the Arizona Minimum Wage Statute and Arizona Wage Statute.

16. Defendant Security Transport Services, Inc. is a Kansas corporation, authorized to do business in Arizona, and is Plaintiffs' employer as defined by 29 U.S.C. § 203(d), the Arizona Minimum Wage Statute, and Arizona Wage Statute.

17. At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## **FACTUAL ALLEGATIONS**

18. Defendant Security Transport Services, Inc. provides prisoner transportation services.

19. On or around June 26, 2016, Colon began employment with Defendant as a transport officer and paid a rate of $9.00 per hour.

20. In or around June 2017, Colon received a raise to $9.25 per hour.

21. Colon's primary job duties include the pickup and transport of inmates.

22. At all relevant times, Colon has been a non-exempt employee.

23. In or around October 2013, Viseth began employment with Defendant as a transport officer and was paid an hourly wage of $9.50 per hour.

24. In or around October 2017, Viseth received a raise in hourly wage to $9.75 per hour.

25. Viseth's primary job duties include the pickup and delivery of inmates.

26. As a result of Plaintiffs only receiving between $9.00 per hour and $9.75 per hour for all hours worked in a given workweek, an Arizona minimum wage violation has occurred.

27. At all relevant times during Plaintiffs' employment, Defendant failed to properly compensate Plaintiffs Arizona minimum wage.

28. Defendant was only paying Plaintiffs an overtime wage based on the below Arizona minimum wage rate.

29. At all relevant times during Plaintiffs' employment, Defendant failed to properly compensate Plaintiffs for all their owed overtime wages.

30. Defendant was aware that Plaintiffs' working hours routinely exceeded 40 hours, and required them to work overtime as a condition of their employment.

31. Defendant wrongfully withheld wages from Plaintiffs by failing to pay all wages due for minimum wage and overtime hours Plaintiffs worked.

32. Defendant refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

33. Defendant's failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA, Arizona Minimum Wage Statute, and the Arizona Wage Statute were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

49. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

50. At all relevant times, Plaintiffs have been employed by Defendant within the meaning of the FLSA.

51. Plaintiffs are non-exempt employees entitled to the statutorily mandated overtime wage.

52. Defendant has intentionally failed and/or refused to pay Plaintiffs all overtime wages according to the provisions of the FLSA.

53. As a direct result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

54. In addition to the amount of unpaid overtime wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

55. Defendant's actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful. Defendant knew Plaintiffs were not being compensated correct overtime wages for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages. Defendant knew their failure to pay overtime wages was a violation of the FLSA.

56. Defendant has not made a good faith effort to comply with the FLSA.

57. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

58. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

59. At all relevant times, Plaintiffs have been employed by Defendant within the meaning of the Arizona Minimum Wage Statute.

60. Defendant intentionally failed and/or refused to pay Plaintiffs minimum wage according to the provisions of the Arizona Minimum Wage Statute.

61. In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

62. Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

63. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

64. At all relevant times, Plaintiffs have been employed by Defendant within the meaning of the Arizona Wage Statute.

65. Defendant was aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

66. Defendant was aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiffs.

67. Defendant failed to timely pay Plaintiffs their wages due without a good faith basis for withholding the wages.

68. Defendant has willfully failed and refused to timely pay wages due to Plaintiffs. As a result of Defendant's unlawful acts, Plaintiffs are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray:

A. For the Court to declare and find that the Defendant committed one or more of the following acts:

  i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207;

  iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute;

  v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiffs;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. §

23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED February 5, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd. Suite 213
Scottsdale, AZ 85260
Attorneys for Plaintiffs

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

## VERIFICATION

Plaintiffs Kimberly Colon and Cameron Viseth declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Kimberly Colon

_____
Cameron Viseth